IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JANICE DUNN | § | |
| | § | |
| v. | § | NO. 4:25-CV-00093-SDJ-BD |
| | § | |
| PLANO HOUSING AUTHORITY, *et al.* | § | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Janice Dunn moved to proceed in forma pauperis. Dkt. 3. The court granted that motion but withheld service pending screening under 28 U.S.C. § 1915(e)(2)(B). Dkt. 5. The court ordered Dunn to amend her complaint to comply with federal pleading standards. Dkt. 9. Dunn moved to extend her time to amend her complaint, Dkt. 12, and the court granted that motion, Dkt. 20. Dunn's amended complaint is due June 2, 2025. *Id.* The court now addresses several pending motions.

## DISCUSSION

### I. Requests to Extend Time to Amend the Complaint

Two of Dunn's motions ask the court to extend her deadline to amend her complaint because she has been unable to obtain requested information from the defendants. Dkts. 28, 30. The motions will be denied.

When a party asks to extend a deadline before it has passed, the court may do so for "good cause." Fed. R. Civ. P. 6(b)(1). To establish good cause, the movant must show that she could not reasonably have met the deadline despite her diligence. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (discussing good cause to modify a scheduling order under Rule 16(b)).

Dunn's request to extend the deadline to amend her complaint does not show good cause. Her amended complaint must contain only "a short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). At the pleading stage, she does not need to support the complaint with evidence. *See id.*; *Stross v. PR Advisors, LLC*, No. 3:19-CV-1086-G, 2019 WL

5697225, at *3 n.3 (N.D. Tex. Oct. 31, 2019) (noting that the "plaintiffs need not provide evidence in support of their claims at the pleading stage").

## II. Requests to Extend Time for Service and for Alternative Service

Dunn moved for an extension of the deadline to serve the defendants, Dkts. 7, 27, and for assistance in serving the defendants or alternative methods of service, Dkts. 17, 25. The court, however, ordered that service be withheld. Dkt. 5 at 2. If Dunn successfully amends her complaint as ordered, *see* Dkt. 9, the court will order the United States Marshal to serve the amended complaint on the defendants. *See* 28 U.S.C. § 1915(d). Dunn's requests for an extension of the time to serve the defendants and for alternative methods of service are therefore premature.

## III. Requests to Compel Discovery and for Sanctions

Dunn moved to compel discovery and for sanctions for failure to produce requested discovery. Dkts. 16, 28, 29, 30. The defendants, however, have no obligation to cooperate in discovery until they have been served and have participated in the conference required by Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1); *Flock v. Scripto-Tokai Corp.*, No. 4:00-CV-03794, 2001 WL 34111630, at *6 (S.D. Tex. July 23, 2001). As noted, the court is currently withholding service, so the defendants have not yet been served. Dunn's motions to compel discovery and related requests for sanctions are therefore premature.

## IV. Miscellaneous Requests

Dunn asks the court to provide her with advance notice of any proceedings in her case. Dkt. 13. Notice is a fundamental requirement of due process. *See Lambert v. California*, 355 U.S. 225, 228 (1958). "Notice is required before property interests are disturbed, before assessments are made, before penalties are assessed." *Id.* Dunn's request for advance notice of proceedings will therefore be granted to the extent that due process requires it, and the court will provide reasonable notice to Dunn at the address she has provided to the Clerk of Court in advance of any hearing in this matter.

Dunn requests that the court advise her on "how to obtain a background check and credit protection review." Dkt. 14. She identifies no authority that would require or allow the court to provide that advice.

Dunn asks the court to compel Dave Young to swear an affidavit attesting to certain facts and for "a comprehensive background and credit fraud investigation at the government's expense." Dkt. 18 at 1. Again, Dunn cites no authority supporting that request.

Dunn also filed a "motion in opposition to dismissal," Dkt. 19, in which she asks the court to defer dismissal and stay proceedings pending resolution of her mandamus petition, *see* Dkt. 21. "To obtain a stay pending the filing and disposition of a petition for a writ of mandamus, an applicant must show a fair prospect that" the reviewing court will "grant mandamus and a likelihood that irreparable harm will result from the denial of a stay." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010). She has not done so.

\* \* \*

It is **ORDERED** that:

1) the motions to extend the deadline to amend the complaint, Dkts. 28, 30, are **DENIED**;

2) the motions to extend time for service and for alternative methods of service, Dkts. 7, 17, 25, 27, are **DISMISSED** as premature;

3) the motions to compel discovery and for sanctions, Dkts. 16, 28, 29, 30, are **DISMISSED** as premature;

4) the motion for advance notice of judicial proceedings, Dkt. 13, is **GRANTED**;

5) the motion for guidance, Dkt. 14, is **DENIED**;

6) the motion to compel testimony and for an investigation, Dkt. 18, is **DENIED**; and

7) the motion for a stay pending disposition of the mandamus petition, Dkt. 19, is **DENIED**.

So **ORDERED** and **SIGNED** this 16th day of May, 2025.

                                                           _____
                                                           Bill Davis
                                                           United States Magistrate Judge