# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| JANICE DUNN § | |
| § | |
| v. § | NO. 4:25-CV-00093-SDJ-BD |
| § | |
| PLANO HOUSING AUTHORITY, *et al.* § | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Janice Dunn moved for default judgment against defendant Dave Young and moved to strike the defendants' motion to dismiss. Dkts. 64, 65; *see* Dkt. 67 (response), 68 (attachments to response). The motions will be denied.

## DISCUSSION

### I. Motion for Default Judgment

Dunn seeks an entry of default and a default judgment against Young because he first appeared in this case on August 5, which was, in Dunn's view, one day late. Young argues that Dunn cannot meet her burden to show that he was properly served and that any delay was due to a calendaring error.

"A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Generally, a default judgment is a drastic remedy not favored by the Federal Rules and is used only in the most extreme cases. *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

Without deciding whether Dunn has met her burden to demonstrate proper service on Young, the court concludes that the drastic remedy of a default judgment is not warranted here. *See In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (explaining the Fifth Circuit's "policy in favor of resolving cases on their merits and against the use of default judgments").

## II. Motion to Strike

Dunn moved to strike the defendants' motion to dismiss, arguing that it was filed one day late and demonstrates the defendants' "continued pattern of obstruction, delay, and misconduct." Dkt. 65. In response, the defendants argue that Dunn cannot demonstrate proper service that would establish their deadline to answer or otherwise appear and that, assuming service was proper, any delay was due to a calendaring error.

Motions to strike are generally disfavored. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); *see Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962) (explaining that "a motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy"; that "[a] disputed question of fact cannot be decided on motion to strike"; and that, "when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike").

Again without deciding whether Dunn has established proper service and thus a deadline by which the defendants must answer or otherwise appear, the court finds good cause to extend any alleged deadline by one day and accept the motion to dismiss as timely filed. *See* Fed. R. Civ. P. 6(b)(1). The court also reminds Dunn that she has been granted extensions in this case, *see* Dkts. 20, 36, so any delay in resolution of her claims is partly attributable to her own conduct.

## CONCLUSION

It is **ORDERED** that Dunn's motions for default judgment and to strike, Dkts. 64, 65, are **DENIED**. Dunn's response to the defendants' motion to dismiss, if any, is due within 14 days of the docketing of this order.

So **ORDERED** and **SIGNED** this 25th day of August, 2025.

_____
Bill Davis
United States Magistrate Judge