# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| JANICE DUNN § | |
| § | |
| v. § | NO. 4:25-CV-00093-SDJ-BD |
| § | |
| PLANO HOUSING AUTHORITY, *et al.* § | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Janice Dunn has filed numerous documents. This order addresses several of them.

## DISCUSSION

### I. Impermissible Filings

Federal Rule of Civil Procedure 12(f) authorizes the court to strike "any redundant, immaterial, impertinent, or scandalous matter." The court does not permit "combined" motions seeking multiple types of relief except for motions for alternative relief. Loc. R. CV-7(a). And the only four permissible filings on an opposed motion are the motion itself, a response, a reply, and a sur-reply. The relevant deadlines and page limits are stated in Local Rule CV-7. Filings that do not comply with the governing rules will be struck.

Dunn filed a motion that seeks the same relief requested in other motions. Dkt. 41. It will be struck as redundant.

Dunn filed a combined motion asking for a protective order, for an order that the defendants file affidavits swearing that they have not disclosed Dunn's documents, to compel compliance with premature discovery requests, and for sanctions. Dkt. 70. The duplicative combined motion will be struck.

Dunn filed a reply in support of a motion for a protective order. Dkt. 74. But no response to the motion was filed, so there was nothing for Dunn to reply to. *See* Loc. R. CV-7(f) (allowing "a party who has filed an opposed motion" to "serve and file a reply brief responding to the issues raised in the response"). The reply will be struck.

## II. Notices to the Court

Dunn has filed notices reminding the court of the status of its docket and asking for prompt action. Dkts. 79, 80, 81. The court is working as efficiently as possible given its heavy workload and will rule on Dunn's pending motions in due course. Repetitive filings only waste judicial time and resources. Further notices advising the court of pending motions will be struck.

## III. Motion for Default Judgment

Dunn moved for a default judgment against defendant Frances Espinoza. Dkt. 76.

Federal Rule of Civil Procedure 55 sets out the procedure for obtaining an entry of default and a default judgment. There are three steps. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant fails to plead or otherwise respond to the complaint within the time required by Rule 12. Fed. R. Civ. P. 55(a). Next, if the plaintiff establishes the defendant's default by affidavit or otherwise, the clerk makes an entry of default in the court record. *Id.* Finally, the plaintiff may apply for a default judgment either to the clerk, *id.* R. 55(b)(1), or to the court, *id.* R. 55(b)(2).

The motion fails at step one because Dunn has not established that Espinoza failed to timely respond to the complaint. The time to answer or file a motion in lieu of an answer begins to run when the defendant is served. Fed. R. Civ. P. 12(a)(1)(A), (a)(4). "The plaintiff bears the burden of proof regarding sufficiency of service of process," *United States ex rel. Proctor v. Next Health LLC*, No. 4:17-CV-00169-ALM-KPJ, 2022 WL 17731825, at *1 (E.D. Tex. Oct. 21, 2022), *report and recommendation adopted*, No. 4:17-CV-00169-ALM-KPJ, 2023 WL 123788 (E.D. Tex. Jan. 6, 2023), and a default judgment must not be entered against a party who has not been properly served, *Jackson v. FIE Corp.*, 302 F.3d 515, 528 (5th Cir. 2002).

Rule 4(e) permits service on an individual by several methods, including by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Texas law permits service by "mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." Tex. R. Civ. P. 106(b). In Texas, "[a]ctual notice to a defendant, without proper service, is not sufficient to

convey upon the court jurisdiction to render default judgment against him." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

The court ordered Dunn to prepare service of process for the defendants and ordered the United States Marshal to serve them. Dkt. 38. Dunn requested a summons to be served on Espinoza at the "North Texas Fair Housing Center, 2626 Cole Avenue, Suite 300, Dallas, TX 75204." Dkt. 55. The U.S. Marshal sent the summons and a copy of the complaint to that address by certified mail, return receipt requested. *Id.* The parcel was received at that address by Kelly Nolan, who is not a party to this suit. *Id.* Espinoza has not answered or otherwise appeared.

Dunn's motion does not argue that Nolan was authorized to receive service on Espinoza's behalf or explain how service by mail to a business address where the parcel was received by a nonparty was proper service on Espinoza. The motion for default judgment will be denied.

## IV. Motion to Compel Service

Dunn filed a motion asking the court to compel the U.S. Marshal to serve the remaining unserved defendants, to order the Department of Housing and Urban Development ("HUD") to serve as a designated agent to receive service on behalf of those defendants, and to authorize alternative means of serving the defendants. Dkt. 72.

The court will grant Dunn's request to have the U.S. Marshal re-attempt service on the unserved defendants. Dunn must prepare all documents necessary for service of process on each unserved defendant named in the operative complaint, Dkt. 37, and submit them to the clerk of court. She is reminded that it is her "responsibility to locate the defendants and submit their addresses to the court." *Keyes v. Wells Fargo Bank NA*, No. 3:24-CV-2926-S-BN, 2024 WL 5706146, at *1 (N.D. Tex. Dec. 12, 2024) (quotation marks omitted).

The court will not order HUD to accept service on behalf of the unserved defendants. Ordinarily, a court order binds only the parties to a suit. *Smith v. Bayer Corp.*, 564 U.S. 299, 312 (2011). "It is a principle of general application . . . that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Taylor v. Sturgell*, 553 U.S. 880, 884 (2008) (quoting *Hansberry v. Lee*, 311 U.S.

3

32, 40 (1940)). HUD is not a party here, *see* Dkt. 37 (operative complaint), and Dunn cites no authority that would permit the court to order a nonparty to accept service on behalf of another.

Dunn's motion asks for permission to serve the defendants by email, "[m]ailing to agency legal departments," "[p]osting notice at public office buildings," or "[r]equiring HUD or relevant agencies to designate a service-eligible employee." Dkt. 72 at 2. Texas law permits alternative service "[u]pon motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted [personally or by registered or certified mail] at the location named in the statement but has not been successful." Tex. R. Civ. P. 106(b). Dunn's motion is not supported by a sworn statement describing her unsuccessful attempts to serve the defendants or identifying any locations where they can probably be found. Her request for alternative service should therefore be denied.

## CONCLUSION

It is **ORDERED** that:

1) Dunn's impermissible filings, Dkts. 41, 70, 74, are **STRUCK**;
2) the motion for default judgment, Dkt. 76, is **DENIED**; and
3) the motion to compel service, Dkt. 72, is **GRANTED** to the extent that the U.S. Marshal will re-attempt service and **DENIED** in all other respects. Dunn must prepare all documents necessary for service of process on each unserved defendant named in the operative complaint, Dkt. 37, and submit them to the clerk of court within 30 days.

So **ORDERED** and **SIGNED** this 2nd day of September, 2025.

_____
Bill Davis
United States Magistrate Judge

4